# EXHIBIT B

# MERTIK MAXITROL®

General Terms and Conditions of Sale - January 2000

I. **Scope of Application**
A. Mertik Maxitrol GmbH & Co. KG (hereinafter called "Mertik Maxitrol") shall offer, sell and deliver components, equipment, accessories, spare parts and services ("Products") subject to the General Terms and Conditions of Sale ("General Conditions") as contained herein unless otherwise expressly agreed to in writing.
B. Deviation from Mertik Maxitrol 's General Conditions for purchase of Mertik Maxitrol products by Mertik Maxitrol 's business partner ("Customer") shall not be applicable even if the Customer refers to their General Conditions.
C. Mertik Maxitrol must agree to all deviations from Mertik Maxitrol 's General Conditions in writing. Any questions or inquires relating to any transaction contained in this statement must be made in writing within sixty (60) days from the billing date and mailed to the address contained on this statement. Failure to do so will result in your recognition of the accuracy of these General Conditions.

II. **Purchase of Products**
A. Customer shall order Products exclusively pursuant to the General Conditions of Mertik Maxitrol. All orders for Products must be submitted to Mertik Maxitrol in writing containing a description of the Products being ordered, quantity of products, model number, delivery and billing location, invoice point and requested delivery dates. Any General Conditions contained in the Customer order and/or which are in addition to or inconsistent with the Mertik Maxitrol 's General Conditions are not applicable, unless expressly accepted in writing by an authorized representative of Mertik Maxitrol.
B. Mertik Maxitrol reserves the right not to accept any order in whole or in part.
C. Orders shall only be deemed binding for Mertik Maxitrol, if Mertik Maxitrol has confirmed the order in writing.
D. Mertik Maxitrol clerical errors are subject to change.
E. Technical data printed in brochures or advertising material are only approximate. Data regarding economic usability contained on such printed matters are examples only and do not constitute a warranty of certain qualities unless clearly warranted in writing. Customer shall be solely responsible for testing the usability of the Products for its own purposes.

III. **Prices and Terms of Payment**
A. Prices are net as indicated in the order confirmation. Prices do not include packing or delivery costs. Customer is responsible for all customs cost, all sales tax, excise tax, and other government assessments. All prices are quoted in Euro.
B. Unless indicated otherwise in the confirmation, all payments are due without any deductions within thirty (30) days from the date of the invoice. In addition, Mertik Maxitrol reserves the right to request prepayment or submission of a letter of credit or a bank guarantee issued by a major Bank at least thirty (30) days prior to the scheduled shipping date. If Customer fails to provide a letter of credit or prepayment, Mertik Maxitrol can decline to fill or accept the order.
C. Mertik Maxitrol reserves the right at any time to revoke any credit extended to Customer if Customer fails to pay for any shipments when due, or if in Mertik Maxitrol 's opinion there is a material adverse change in Customer's financial condition. Mertik Maxitrol may, at its option, cancel any accepted order if Customer fails to meet any invoice when due.
D. In the event that Customer fails to meet payments when due, Mertik Maxitrol shall be entitled to charge late fees of one and one-half percent (1-1/2%) interest per month, to the maximum allowed under the laws of Germany and costs of collection including actual attorney's fees.
E. In the event that Customer's financial circumstances deteriorate considerably, Mertik Maxitrol shall be entitled to effect further deliveries only against cash in advance or against deposition of security deemed appropriate by Mertik Maxitrol.
F. Customer shall be entitled to off sets or retentions against payments only if Customer's claims has been confirmed in the form of a judgment by a court of law or is undisputed.

IV. **Delivery, Risk of Loss and Default of Delivery**
A. Risk of loss shall pass to Customer upon shipment by Mertik Maxitrol. Upon request of the Customer and at the customer's expense, Mertik Maxitrol shall insure the shipment against theft, breakage and damage caused by transport, fire and water. This shall also apply to partial deliveries.
B. Delivery dates indicated on quotations and on acknowledgements of orders are approximate and not guaranteed. Mertik Maxitrol will do everything possible to maintain the shipping dates given herein, but Mertik Maxitrol shall not be liable for delays in delivery or in performance or failure to manufacture or deliver due to causes beyond its reasonable control such as acts of God, civil or military authority, priorities, fires, strikes or other labor disturbances, floods, epidemics, war, riot, delays in transportation, or inability to obtain necessary labor, materials and components. In the event of such delay, the date of delivery or performance shall be extended. Mertik Maxitrol shall be entitled to partial deliveries.

V. **Limited Warranty, Disclaimers Exclusive Remedy, and Limitation On Liability**
A. Mertik Maxitrol warrants that its products and parts are manufactured free from defects in materials and workmanship under normal use, and if used as specified will remain in such condition for the following periods from the date of purchase: twelve (12) months for Sentry® products; eighteen (18) months for Paktronics® products; twenty-four (24) months for Mertik Maxitrol® products; and thirty-six (36) months for all other products, from the date of shipment. This limited warranty extends only to the original purchaser. There are no other warranties.
B. Damage and/or injury due to or resulting from shipment, and/or use not in accordance with specifications including, but not limited to, faulty installation, adjustments, repair, exposure to excessive pressure or temperature, exposure to corrosive chemicals and/or moisture, improper application misuse or abuse, non-specified product or part modification or the negligence of others are not covered by the warranty and are not the responsibility of Mertik Maxitrol. Mertik Maxitrol's warranty is only valid according to product specifications and installation instructions.
C. The exclusive remedy for breach of this warranty or any other Mertik Maxitrol obligation is, at Mertik Maxitrol 's sole option, repair, replacement, or refund of the purchase price of Mertik Maxitrol 's products or parts directly causing the breach. This warranty does not cover labor or other costs incurred in repairing, removing, installing, servicing or handling of any parts or products. This is the limit of Mertik Maxitrol 's liability. MERTIK MAXITROL WILL IN NO EVENT BE LIABLE FOR ANY LOSS, DAMAGE, COST OF REPAIR INCIDENTAL, CONSEQUENTIAL, SPECIAL, DIRECT OR INDIRECT DAMAGES OF ANY KIND CAUSED BY DEFECTIVE PRODUCTS OR PARTS, DELAY OR DEFAULT IN DELIVERY, OR OTHERWISE AND ALL OBLIGATIONS OF MERTIK MAXITROL FOR DAMAGES (INCLUDING ATTORNEY FEES) EXCEEDING THE PURCHASE PRICE ARE EXCLUDED AND DISCLAIMED. THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS AND IMPLIED, AND MERTIK MAXITROL DISCLAIMS ALL OTHER EXPRESS WARRANTIES AND ALL IMPLIED WARRANTIES, INCLUDING, BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTIBALITY AND OF FITNESS FOR A PARTICULAR PURPOSE.

## V. Limited Warranty, Exclusive Remedy, and Limitation On Liability (Continued)

D. Written notice of defects must be given to Mertik Maxitrol within the stated term of this warranty and any product or part of Mertik Maxitrol believed to be defective must be returned, within the stated term of the warranty, to Mertik Maxitrol's designated return location at purchaser's cost, which will be refunded if defects are found which is the fault of Mertik Maxitrol.

E. No employee, agent, or representative is authorized to increase Mertik Maxitrol's liability and no one is authorized to make verbal changes or warranties. Action on any claim against Mertik Maxitrol must be commenced during the period of twelve (12) months after the cause of action has occurred.

## VI. Retention of Title

A. Mertik Maxitrol retains title to the delivered Products ("Reservation Goods") until full payment by Customer and settlement of all claims resulting from the delivery or of any other claims Mertik Maxitrol may have against Customer at the time an order is confirmed.

B. Customer shall store the Reservation Goods for Mertik Maxitrol in a sufficient manner against risks of liability including, but not limited to, fire, water, moisture and theft, at its expense. Upon order confirmation, Customer simultaneously assigns its corresponding claims under the insurance policies to Mertik Maxitrol and Mertik Maxitrol accepts such assignment.

C. Customer shall promptly notify Mertik Maxitrol in writing of any attempts of seizure or other impairment of the Reservation Goods by third parties. The cost of any measures required to protect the rights of Mertik Maxitrol shall be borne by Customer to the extent such goods cannot be reclaimed from a third party.

D. Customer shall be entitled to process, link or commingle Reservation Goods within the scope of its ordinary course of business. The processing, linking or commingling of Reservation Goods, however, shall only be in favor of Mertik Maxitrol who acquires a co-ownership share in the product produced by the Customers finished product. In this respect, section VI. B. shall apply accordingly.

E. In addition, Customer shall be entitled to resell Reservation Goods or goods in which Mertik Maxitrol holds a co-ownership share in the ordinary course of its business subject to retention of title. As a security, and until full settlement of all claims mentioned in Section VI. A., Customer hereby assigns to Mertik Maxitrol its future claims resulting from the resale of Reservation Goods in the amount corresponding to the invoice value of such Reservation Goods. Mertik Maxitrol shall have priority over all other claims. Customer shall provide Mertik Maxitrol, upon the latter's request, with names and addresses of its customers and upon further request inform Mertik Maxitrol about the nature and extent of its claims against such customers. Mertik Maxitrol shall be entitled to disclose such assignment at any time in order to secure its claims for payment. Reservation Goods may neither be pledged nor assigned by way of security.

F. To the extent Mertik Maxitrol is entitled to take back Reservation Goods, Customer grants to Mertik Maxitrol and its authorized representatives the irrevocable right to enter its premises during normal business hours in order to collect the Reservation Goods.

## VII. Patents, Trademarks and Copyrights

A. All patents, trademarks, copyrights and other industrial property rights existing with respect to the Products and all information and documents pertaining to development, production and sale of the Products shall remain the exclusive property of Mertik Maxitrol. Customer declares and warrants that it shall not use any information received from Mertik Maxitrol with respect to the Products in order to develop or manufacture goods, which compete with Mertik Maxitrol Products. Customer shall hold Mertik Maxitrol free and harmless from all costs and shall indemnify Mertik Maxitrol for all losses or loss of profit due to infringement by Customer for patents or other protective rights of Mertik Maxitrol.

B. Customer shall give Mertik Maxitrol immediate written notice of all third-party allegations of infringement with respect to the Products. If any such claims are made against the Customer for infringement of the intellectual property or other rights of third parties in the use of the Products, Mertik Maxitrol shall decide, at its sole discretion, if and how any litigation arising there from is to be conducted. In this respect, Customer shall not settle or make any other concession without the prior written consent of Mertik Maxitrol, which consent Mertik Maxitrol may withhold in its sole discretion. Mertik Maxitrol's liability vis-à-vis Customer for infringement of the intellectual property or other rights of third parties is in any case limited to the purchase price of the Product.

C. Mertik Maxitrol shall not be liable for the infringement of intellectual property or other rights in connection with the delivered Products, if they are not used in a way specified by Mertik Maxitrol, or if the infringement is caused by utilization or linking of the Products with other products neither generated, nor specified in writing, by Mertik Maxitrol.

## VIII. Cancellation

Customer may upon five (5) days notice in writing, cancel this contract, in whole or in part, at any time without penalty unless otherwise specified in Mertik Maxitrol's confirmation of cancellation. Customer may cancel, in whole or in part, ninety (90) days prior to the date scheduled for shipment of Mertik Maxitrol products, but only with the written consent of Mertik Maxitrol and upon terms providing for payment to Mertik Maxitrol of a cancellation charge satisfactory to Mertik Maxitrol which shall take into proper account the work already done, facilities and material acquired and/or commitments made by Mertik Maxitrol.

## IX. General

A. Except with the prior written consent by Mertik Maxitrol, Customer shall not be entitled to assign any rights arising from its business relation with Mertik Maxitrol or any claims it may have against Mertik Maxitrol, including any warranty claims, to third parties other than as necessary for the legitimate business purposes of Mertik Maxitrol.

B. Mertik Maxitrol may in connection with the business relations with the Customer disclose to Customer information by nature, or identified as, confidential or proprietary to Mertik Maxitrol. Customer or its employees shall not disclose or provide such confidential or proprietary information to any third party or make use of it. Except with the prior written consent by Mertik Maxitrol, Customer and its affiliated companies are not entitled to use any element of Mertik Maxitrol's names or trademarks.

C. Any changes, amendments or modifications of these General Conditions and of confirmed orders shall be invalid, unless made in writing and signed by both parties. This written form requirement may only be waived by written Agreement concluded between Mertik Maxitrol and Customer. Failure to do so will result in your recognition of the accuracy of this document.

D. The law of the State of Germany shall apply exclusively. If any authorization or certificate by a public authority or any third party is needed for the Products as is needed for the use of the Products as intended by Customer, Customer is exclusively responsible for obtaining such authorization or certificate.

E. In the event that one or more provisions of these General Conditions should be invalid, the validity of the remaining provisions shall not be affected. All headlines contained in these General Conditions are for reference purposes only and are not part of these General Conditions.

Combustion Controls Center Europe  Tel.: + 31 (0)591 695911   Mail Address:
Honeywell B.V.                      Fax: + 31 (0)591 695200   P.O. Box 83
Phileas Foggstraat 7                                          7800 AB Emmen
7821 AJ Emmen                                                 The Netherlands
The Netherlands

· Mertik Maxitrol GmbH & Co. KG
t.a.v. Mr. K. Jesse
Industriestrasse 1
48308 Senden
Germany

| Your ref. | Our ref. | Extension | Date |
|---|---|---|---|
| - | JA | 446 | 23 November 2001 |

Re: **Supplier agreement between Mertik Maxitrol and Honeywell**

Dear Mr. K. Jesse

Mertik Maxitrol GmbH & Co. KG will sell the products listed within this agreement to Honeywell in the Ukraïne and Russia as stated below. Sales of the listed products to other Honeywell offices in any other countries will be excluded from this supplier agreement. The Terms and Conditions for Sale of the products to Honeywell Ukraïne and Russia are as per the attachment in "Exhibit A" and the items as follows:

| Pos. | Part Number | Describtion | Price in Euro |
|---|---|---|---|
| 1 | GV30-C3A5E1C0 | Valve according signed spec. sheet | 20,74/pc |
| 2 | GV30-C5A5E9C0 | Valve according signed spec. sheet | 20,32/pc |
| 3 | GV31-C5A4E9C0 | Valve according signed spec. sheet | 21,30/pc |
| 4 | G30-ZMA | Label | 0,27/pc |
| 5 | G30-ZSR | Plug 3/8" | 0,72/pc |
| 6 | G30-ZHK4 | Short cover | 0,66/pc |

- Packing units:                        20 controls in one carton box
- Minimum release quantity :            1.000 pcs
- Minimum annual volume :               10.000 pcs
- Additional packing cost per shipment: € 52,-.
- Covers and plugs are ordered seperately.

Continued .../..

Continued .../2

Invoicing and deliveries:

- Honeywell Affiliate in Ukraïne and Russia will order the products direct from Mertik Maxitrol.
- Mertik Maxitrol will only deliver the above products to Honeywell Ukraïne and Russia directly.
- Mertik Maxitrol will invoice Honeywell Ukraïne and Russia for all shipments made to Honeywell Ukraïne and Russia.
- Honeywell Emmen will provide a corporate guarantee for the payment of all invoices for Honeywell Ukraïne and Russia from an authorized representative of Honeywell.
- Honeywell Emmen will implement and control the Honeywell documentation and part numbers.
- Terms and conditions of payment are 30 days net.
- Product leadtime is 6 to 8 weeks from order confirmation from Mertik Maxitrol.

Best regards,

J. A. Abcouwer
Product Manager Gas Controls
Honeywell B.V. Emmen

02-1-2002

Controller.
2/1/02

Accepted and approved by: ppa. Klaus

Case 06-56237-CK
PTX 681

Mr. Klaus Jesse, Prokurist/Product Manager
Mertik Maxitrol GmbH & Co. KG

Attachment

Cc: Mr. Y. Gort
Mr. T. Gerretsen
Mr. J. Smedes
Mr. H. Klingenberg
Mr. A. Niemeijer

To: K. Jesse
From: J.A. Abcouwer
Honeywell BV, Emmen
Fax: +49 2597 96 32 99


**KAMER VAN KOOPHANDEL AMSTERDAM**

Dossiernummer: 33044803/ 1    Blad 00001

Uittreksel uit het handelsregister van de Kamer van Koophandel en Fabrieken voor Amsterdam

Dit uittreksel bevat informatie over de nevenvestiging; voor meer informatie kan de inschrijving van de hoofdvestiging geraadpleegd worden

**Nevenvestiging:**
| | |
|---|---|
| Handelsna(a)m(en) | : Honeywell B.V. |
| Adres | : Phileas Foggstraat 7, 7821AJ Emmen |
| Correspondentieadres | : Postbus 12683, 1100AR Amsterdam Zuidoost |
| Telefoonnummer | : 0591-695911 |
| Faxnummer | : 0591-695200 |
| Datum vestiging | : 00-00-1963 |
| Bedrijfsomschrijving | : Fabricage van meet- en regelapparatuur |
| Werkzame personen | : 664 |

**Hoofdvestiging:**
| | |
|---|---|
| Handelsna(a)m(en) | : Honeywell B.V. |
| Adres | : Laarderhoogtweg 18, 1101EA Amsterdam Zuidoost |
| Correspondentieadres | : Postbus 12683, 1100AR Amsterdam Zuidoost |
| Rechtsvorm | : Besloten vennootschap |

**Functionaris(sen) nevenvestiging:**

| | |
|---|---|
| Naam | : Gremmer, Peter Arend Jan / 3 |
| Geboortedatum en -plaats | : 19-07-1940, Groningen |
| Adres | : Ronerbrink 146, 7812LZ Emmen |
| Functie en infunctietreding | : Procuratiehouder, 01-08-1985 |
| Titel | : Factory controller |
| Bevoegdheid | : Beperkte volmacht |
| Aanvang (huidige) volmacht | : 01-08-1985 |

| | |
|---|---|
| Naam | : Plomp, Rudi / 116 |
| Geboortedatum en -plaats | : 16-07-1955, Nieuwer-Amstel |
| Adres | : Fazantstraat 3, 7731ZB Ommen |
| Functie en infunctietreding | : Gevolmachtigde, 14-09-2000 |
| Titel | : Operations Manager |
| Bevoegdheid | : Beperkte volmacht |

| | |
|---|---|
| Naam | : Miccio, Michele / 124 |
| Geboortedatum en -plaats | : 06-12-1960, Prata di Pordenone, Italië |
| Adres | : Hattenbuehl 43 /a, 70469 Stuttgart-Feuerbach, Bondsrepubliek Duitsland |

23,66  13-11-2001              Blad 00002 volgt.



**KAMER VAN KOOPHANDEL AMSTERDAM**

Dossiernummer: 33044803/ 1     Blad 00002

| | |
|---|---|
| Functie en infunctietreding | :Gevolmachtigde, 01-09-2001 |
| Titel | :Vice President + General Manager |
| Bevoegdheid | :Het vertegenwoordigen van Honeywell B.V. t.a.v. haar nevenvestiging Honeywell Combustion Control Center te Emmen. Ten behoeve van dit Center of Excellence alles te verrichten wat tot de gewone werkzaamheden van het Center behoort, evenwel wat betreft het beschikken over bank- en girorekeningen, met instandhouding van de met betrokken instanties getroffen regelingen. |
| Naam | :Smedes, Joop Alje / 125 |
| Geboortedatum en -plaats | :25-05-1964, Veendam |
| Adres | :Mondriaanstraat 10, 9718MH Groningen |
| Functie en infunctietreding | :Gevolmachtigde, 01-11-2001 |
| Titel | :Factory Controller |
| Bevoegdheid | :Het beschikken over bank- en girorekeningen met instandhouding van de met betrokken instellingen getroffen regelingen. |

Alleen geldig indien door de kamer voorzien van een ondertekening.

35,58

Amsterdam, 13-11-2001

Voor uittreksel

mr. drs. M.M. van Eijl
Directeur

*HOOFDKANTOOR*
*DE RUYTERKADE 5*
*POSTBUS 2852 1000 CW AMSTERDAM*