UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERTIK MAXITROL GMBH & CO. KG,
a German corporation, and MERTIK
MAXITROL INC., a Michigan corporation,

      Plaintiffs,

v.

HONEYWELL TECHNOLOGIES SARL, a
Swiss corporation, HONEYWELL
INTERNATIONAL, INC., a Delaware
corporation, and HONEYWELL B.V., a
Netherlands corporation,

      Defendants.
_____/

Case No. 10-12257

Honorable Patrick J. Duggan

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 13, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On June 8, 2010, Mertik Maxitrol GMBH & Co. KG ("Mertik KG"), a German corporation, and Mertik Maxitrol, Inc. ("Mertik"), a Michigan corporation, filed this suit to recover damages for the allegedly unauthorized use of copyrights and trade dress in connection with the sale of gas flow control devices. Plaintiffs also seek an injunction prohibiting further infringement. The named defendants are Honeywell International, Inc. ("Honeywell" or "Honeywell USA") and two of its foreign subsidiaries, Honeywell

Technologies Sarl, a Swiss corporation, and Honeywell B.V.,[1] a Netherlands corporation. Before the Court is Honeywell's motion to dismiss, filed on December 13, 2010 pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The matter has been fully briefed, and on February 4, 2011, the Court notified the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court denies Honeywell's motions to dismiss pursuant to the doctrine of *forum non conveniens* and for lack of subject matter jurisdiction. The Court grants in part Honeywell's motion to dismiss for failure to state a claim for relief.

## I. Factual and Procedural Background

Plaintiffs allege that they manufacture a gas flow control unit, generally identified as "V5474," that is used in certain types of heating appliances. Compl. ¶ 27.[2] Plaintiffs appointed one or more Honeywell entities to distribute this product in Western Europe, and claim that they provided Honeywell with drawings and diagrams required to obtain the necessary certifications. *Id.* ¶ 28. Plaintiffs claim that this relationship was severed in 1997. *Id.* ¶ 32.

In either 2001 or 2002, Honeywell's affiliate in the Ukraine and Russia proposed to distribute the V5474. *Id.* ¶ 33; *id*. Ex. F. In 2002, Mertik KG and Honeywell Ukraine and Russia entered into an distribution agreement. *See* Compl. Ex. F. Under this agreement,

---

[1] Honeywell, B.V., located in Emmen, the Netherlands, is referred to in some of the relevant documents as "Honeywell Emmen."

[2] Defendants' Motion to Dismiss addresses Plaintiff's Second Amended Complaint, filed on October 25, 2010. The Court will refer to this document simply as the Complaint.

2

Mertik KG agreed to deliver the product to Honeywell Ukraine and Russia for distribution in those two nations, and Honeywell B.V. would guarantee payment. *Id.* at 3. The parties renewed this agreement in 2004, providing Honeywell Ukraine and Russia with the right to distribute the product in Romania as well as the Ukraine and Russia. *See* Compl. Ex. H. This agreement provided, among other terms:

> Customer declares and warrants that it shall not use any information received from Mertik Maxitrol with respect to the products in order to develop or manufacture goods which compete with Mertik Maxitrol products. Customer shall hold Mertik Maxitrol free and harmless from all costs and shall indemnify Mertik Maxitrol for all losses or loss of profit due to infringement by customer for patents or other protective rights of Mertik Maxitrol.

*Id.* § VII.A.

Plaintiffs claim that they learned of an unidentified Honeywell entity producing a nearly identical product in China. Compl. ¶ 41. Honeywell has allegedly represented to customers and third parties that the Chinese production was overseen by Plaintiffs, *id.* ¶ 42, and that Honeywell purchased Mertik or divisions of Mertik. *Id.* ¶ 56. Plaintiffs assert that Honeywell sells this product in France, Belgium, the Netherlands, Luxembourg, and Eastern Europe, *id.* ¶ 44, and markets it globally via the internet. *Id.* ¶ 49.

On July 12, 2010, Mertik KG filed an action in the Regional Court of Stuttgart, Germany against Honeywell's German subsidiary, Honeywell GmbH. The suit claims damages as a result of Honeywell's European sales of a gas control valve produced in China.[3] Honeywell filed a response in the German court claiming that it had neither

---

[3] Honeywell has provided the Court with courtesy translations of both the complaint, *see* Huntley Decl. Ex. B, and Honeywell GmbH's response, *see* Huntley Decl. Ex. D.

3

manufactured nor sold the product in question and had no plans to do so in the future. Honeywell GmbH offered to make a legally binding declaration in the German court stating that it will not manufacture, advertise, or market the product at issue. It is unclear whether this litigation is still pending. On June 8, 2010, Plaintiffs filed this action in the Eastern District of Michigan, asserting claims of copyright infringement (Counts I and II); unfair competition (Counts III and IV); trade dress infringement (Count V); breach of contract (Count VI); common law unfair competition (Count VII); unjust enrichment (Count VIII); violation of the Michigan Consumer Protection Act, Michigan Compiled Laws § 445.901 *et seq.* (Count IX); and injunctive relief (Count X).

On December 13, 2010, Honeywell moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction over the suit because the Copyright Act and Lanham Act do not apply to actions of infringement outside the United States. Honeywell notes that if the claims against it are dismissed, the remaining defendants would not satisfy the requirements of diversity jurisdiction. Honeywell further asserts that dismissal of Plaintiffs' claims is required by Federal Rule of Civil Procedure 12(b)(6). Honeywell alternatively requests dismissal of this action pursuant to the doctrine of *forum non conveniens*, arguing that a European court is a more appropriate forum for the resolution of this dispute.

## II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) seeks to dismiss a complaint for lack of proper subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Proper jurisdiction is a requirement in determining the validity of a claim, and as such,

4

Rule 12(b)(1) motions must be considered by a court prior to any other challenges. *See Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946). Motions to dismiss for lack of proper subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading itself. *Id.* During a facial attack, the court must treat all material allegations in the complaint as true and construe the allegations in the light most favorable to the non-moving party. *Id.* A factual attack, on the other hand, challenges the factual existence of subject matter jurisdiction. *Id.* "On such a motion, no presumptive of truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

Honeywell contends that the Court lacks subject matter jurisdiction over this suit because neither the Copyright Act nor the Lanham Act applies to actions of infringement taking place outside the United States. This argument conflates the merits of Plaintiffs' claims with the jurisdictional power of the Court to hear those claims. "Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946). The Supreme Court has recently addressed what it called the "subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy" in *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511, 126 S. Ct. 1235, 1242 (2006). *Arbaugh* involved a claim of employment discrimination. In that case, the Court set forth a bright-line rule for distinguishing a jurisdictional limitation from an element of the plaintiff's claim:

> If the Legislature clearly states that a threshold limitation on a statute's scope

5

> shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id.* at 516, 126 S. Ct. at 1245 (citation and footnote omitted). The Sixth Circuit has described *Arbaugh*'s holding as a "rule of construction," *Spengler v. Worthington Cylinders*, 615 F.3d 481, 489 (6th Cir. 2010), and has applied it outside the context of employment discrimination cases. *See GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 376 (6th Cir. 2007) (applying *Arbaugh* to an environmental liability claim).

Turning to the statutes at issue, it is clear that the Copyright Act does not apply extraterritorially. *See Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1093 (9th Cir. 1994) (en banc) (noting the "undisputed axiom that United States copyright law has no extraterritorial application"). The Court, however, is unaware of any provision of the Copyright Act stating that this limitation is jurisdictional, and Honeywell has failed to identify any such provision. Absent some indication that a geographic limitation was intended to be jurisdictional, the Court must conclude that the location of the infringing activity is simply an element of Plaintiffs' claims.

It is also clear that Honeywell's argument fails with respect to Plaintiffs' Lanham Act claims. "The Lanham Act may be applied to conduct occurring outside the borders of the United States." *Liberty Toy Co. v. Fred Silber Co.*, No. 97-3177, 1998 U.S. App. LEXIS 14866, at *20 (6th Cir. June 29, 1998) (citing *Steele v. Bulova Watch Co.*, 344 U.S. 280, 73 S. Ct. 252 (1952)). Where extraterritorial conduct is at issue, the Court engages in a three-factor balancing test to determine whether the Lanham Act applies, considering:

(1) whether the defendant's conduct has substantial effect in the United States; (2) whether defendant is a citizen of the United States; and (3) whether there exists a conflict with trademark rights under foreign law. *Id.* at *20-21. Any inquiry regarding extraterritorial application of the statute therefore requires a review of the claim's merits. Because the Court must exercise jurisdiction over the dispute to make this determination, allegations of extraterritorial conduct cannot deprive the Court of subject matter jurisdiction.

### III. Motion to Dismiss for Failure to State a Claim

**A. Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

**B. Vicarious Liability Claim**

Honeywell argues that Plaintiffs improperly treat Defendants as one entity for liability purposes. Plaintiffs contend that Honeywell is vicariously liable for the conduct of its subsidiaries, relying on *Gordon v. Nextel Communications*, 345 F.3d 922, 925 (6th Cir. 2003), for the proposition that a parent corporation may be held liable for subsidiaries' infringement where (1) it has the right and ability to supervise the infringing conduct, and (2) it has an obvious and direct financial interest in the infringement. *Gordon*, however, requires a plaintiff to demonstrate day-to-day control greater than the parent-subsidiary relationship generally entails, as the vicariously liable defendant must have the right and ability to supervise *the infringing conduct*. In applying this standard, courts have required

plaintiffs to demonstrate the defendant's "connection to . . . the infringing activity." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *see also Banff Ltd. v. Limited, Inc.*, 869 F. Supp. 1103, 1110 (S.D.N.Y. 1994) (parent was not vicariously liable for subsidiary's infringement where parent did not influence subsidiary's "day-to-day decisions" and there was no "continuing connection between the two in regard to the infringing activity"). The Eastern District of Michigan has focused on "day-to-day control" in considering whether to impose vicarious liability. *Bennett v. Am. Online, Inc.*, No. 06-13221, 2007 U.S. Dist. LEXIS 54816, at *16 (E.D. Mich. July 27, 2007).

Plaintiffs have failed to plead facts sufficient to hold Honeywell vicariously liable for alleged infringement by its foreign subsidiaries. The Complaint alleges: "Defendant Honeywell USA oversaw the operations of defendants Honeywell Sarl and Honeywell-Netherlands with regard to the counterfeit products . . . and the infringement of Mertik's registered copyrights." Compl. ¶ 9. Plaintiffs assert no facts in support of this claim, but simply recite the elements of a vicarious liability claim: "Defendant Honeywell USA through its oversight, control, and supervision of all actions related to the counterfeit product maintained a continuing connection with the infringing activities of its subsidiaries Honeywell Sarl and Honeywell-Netherlands." Compl. ¶ 20. Plaintiffs point to Honeywell's organization charts as proof of a continuous connection, *see id.* ¶ 10, but these charts only establish the basic structure of Honeywell's divisions. They fail to demonstrate any connection between Honeywell and the day-to-day production and sourcing decisions of its foreign subsidiaries. Several counts of the Complaint contain general statements regarding Honeywell's oversight of its subsidiaries, such as, "[a]ll

9

infringing activities conducted by defendants Honeywell Sarl and Honeywell Netherlands were conducted under the oversight and control of Honeywell USA." *See id.* ¶¶ 66, 80, 91, 101, 126, 132. Absent factual support, such conclusory assertions are insufficient to establish a plausible claim of vicarious liability.

Plaintiffs filed a surreply opposing Honeywell's motion to dismiss on February 22, 2011, in which they attempt to bolster their vicarious liability claim with statements and charts from a Honeywell presentation. These materials were neither part of the Complaint nor referred to in it, and are thus not properly considered in ruling on Honeywell's motion to dismiss. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). The Court concludes, however, that these supplemental materials provide little support for Plaintiffs' position. The organization charts fail to demonstrate any connection between Honeywell and its subsidiaries' alleged infringement. Plaintiffs note that the presentation includes Honeywell's foreign subsidiaries when totaling global sales and employees, asserting that this is further evidence of oversight and control. This conclusion is plainly implausible, as such statistics merely summarize the size and scope of the corporation's activities; they do not establish Honeywell's role in its subsidiaries' day-to-day operations.

### C. Copyright Infringement Claims

Honeywell contends that Plaintiffs have failed to state a copyright infringement claim, but the Court disagrees. "The elements of a copyright-infringement claim are (1) ownership of the copyright by the plaintiff and (2) copying by the defendant." *Zoomba Enters. v. Panorama Records, Inc.*, 491 F.3d 574 (6th Cir. 2007). Plaintiffs have set forth evidence establishing that they own copyrights to diagrams of their product. *See* Compl.

Exs. O and Q.  They have alleged that the marketing materials found on Honeywell's internet site displayed similar diagrams, *see* Compl. Exs. A, P, and R, and allege that Honeywell "controls the entire content of the Honeywell.com internet site."  *Id.* ¶ 17.  Plaintiffs have shown that the copyrighted information was viewable within the United States, *see* Woodworth Decl. ¶¶ 2-4, and allege that the posting of this information constituted infringement on their copyrights.  Compl. ¶ 13.  The Court accordingly concludes that Plaintiffs have stated plausible claims of copyright infringement.

Honeywell argues that Plaintiffs cannot recover damages on their copyright claims because the alleged infringement occurred before Plaintiffs registered their works.  *See* 17 U.S.C. § 412(1).  Honeywell, however, has not provided any evidence as to when it first began using the works in question.  Mertik KG's registration of the diagram was effective April 30, 2010.  *See* Compl. Exs. O and Q.  The only dated evidence of infringement before the Court shows the use of a similar diagram on June 1, 2010, after Plaintiffs' registration became effective.  *See* Compl. Ex. A.  At this stage, the Court must accept the Complaint's factual allegations as true and draw all reasonable inferences in Plaintiffs' favor.  The Court therefore cannot dismiss Plaintiffs' copyright claims.

**D. Lanham Act Claims**

Honeywell argues that Plaintiffs' Lanham Act claims fail, as the statute does not apply to activities outside the United States under these facts.  Although the Lanham Act may be applied to conduct outside the United States, the Court engages in a three-factor balancing test to determine whether to do so.  *Liberty Toy Co.*, No. 97-3177, 1998 U.S. App. LEXIS 14866, at *20-21.  The Court considers: (1) whether the defendant's conduct

has substantial effect in the United States; (2) whether defendant is a citizen of the United States; and (3) whether there exists a conflict with trademark rights under foreign law. *Id.* at *20-21.

Even accepting Plaintiffs' factual allegations as true, the Court cannot conclude that extraterritorial application of the Lanham Act is justified here. There is no indication that Honeywell's alleged conduct had a substantial effect in the United States, as the product at issue is not sold in the United States. Plaintiffs have not claimed that Honeywell solicited sales of the product in the United States. Nor do they claim that Honeywell imported the product into the United States. The only connection to the United States is the financial gain that would accrue to Honeywell through its foreign subsidiaries as a result of sales of the product abroad. Such gains have been held insufficient to justify extraterritorial application of the Lanham Act. *Int'l Café, S.A.L. v. Hard Rock Café Int'l*, 252 F.3d 1274, 1278 (11th Cir. 2001). Extraterritorial application of the Lanham Act is not justified under these facts. Because Plaintiffs have also failed to identify any of Honeywell's actions within the United States that violate the statute, Plaintiffs' Lanham Act claims fail as a matter of law.

### E. Breach of Contract Claim

Honeywell argues that Plaintiffs' breach of contract claim must be dismissed, as Honeywell was not a party to the contract at issue. Plaintiffs have not responded to these arguments. It is clear that the 2004 Supplier Agreement supersedes the earlier Supplier Agreements, as it pertains to the same product. *See* Compl. Ex. H. The only parties to the agreement are Mertik KG and Honeywell Europe. A breach of contract claim requires the

existence of a contract between the plaintiff and defendant.  *In re Brown*, 342 F.3d 620, 628 (6th Cir. 2003).  Honeywell cannot be held liable for the breach of an obligation that it never incurred.  Plaintiffs' breach of contract claim must be dismissed.

**F. Common Law Claims**

Plaintiffs allege that the adoption of Mertik KG's trade dress and the sale of counterfeit products by Honeywell's foreign subsidiaries constitute unfair competition.  The Complaint, however, does not include facts connecting these actions to Honeywell.  Having concluded that Plaintiffs have failed to plead facts that would justify holding Honeywell vicariously liable for its subsidiaries' actions, the Court finds that the unfair competition claim against Honeywell must be dismissed.  Plaintiffs' unjust enrichment claim fails for the same reason.

**G. Michigan Consumer Protection Act Claim**

The Michigan Consumer Protection Act "applies only to purchases by consumers and does not apply to purchases that are primarily for business purposes."  *Slobin v. Henry Ford Health Care*, 469 Mich. 211, 216, 666 N.W.2d 632, 634 (Mich. 2003).  Plaintiffs have stated that the product in question is used in manufacturing certain gas fired heating appliances.  Compl. ¶ 27.  Because this is undeniably a business purpose, Plaintiffs are not entitled to the statute's protection.

**H. Injunctive Relief**

Honeywell contends that Plaintiffs' request for injunctive relief is moot, as the pages at issue were removed from Honeywell's internet site shortly after the filing of this action.  Plaintiffs have not disputed this assertion.  Because the copyright infringement claims are

the only plausible claims asserted against Honeywell, and Plaintiffs do not dispute that Honeywell has removed the copyrighted material from its internet site, the Court believes that Plaintiffs' request for injunctive relief against Honeywell is now moot.

### IV. Motion to Dismiss Pursuant to the Doctrine of *Forum Non Conveniens*

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S. Ct. 839, 842 (1947). The party moving for dismissal must show: (1) the existence of an adequate alternative forum; and (2) that the balance of private and public interest factors favors dismissal. *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984). "There is ordinarily a strong presumption in favor of the plaintiff's choice of forum," and a "plaintiff's choice of forum is entitled to greater deference" when a plaintiff has chosen its home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S. Ct. 252, 265-66 (1981). A plaintiff is not to be deprived of the advantages of his home jurisdiction except upon showing facts which either "(1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Koster v. Am. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S. Ct. 828, 831-32 (1947).

Plaintiffs have not disputed that European courts would provide an adequate forum for the resolution of this dispute, but the balancing of interest factors does not require dismissal. The relevant private interest factors provide no support for Honeywell's

position. There is no indication that trial in Europe would provide the parties with access to otherwise unavailable sources of proof. The convenience to the parties and witnesses is a neutral factor. Trial in this district may require travel by Defendants' employees or witnesses, but trial in a European court may require travel by Plaintiffs' employees or witnesses. Honeywell has also failed to demonstrate that the testimony of any critical witness would be unavailable before this Court. Turning to the relevant public interest factors, the Court concludes that these factors weigh against dismissal. Plaintiffs assert claims under United States law, making resolution of the suit before this Court appropriate. Plaintiffs claim to have suffered injury in the United States due to Defendants' infringement upon their intellectual property, and the United States certainly has an interest in protecting its citizens' intellectual property rights. The Court concludes that Honeywell has failed to demonstrate that trial before this Court would be so oppressive so as to require dismissal.

## V. Conclusion

The Court concludes that it has subject matter jurisdiction over the claims asserted by Plaintiffs in this action. Although a number of Plaintiffs' claims against Honeywell must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court finds that Plaintiffs have asserted plausible copyright infringement claims that cannot be dismissed at this time. Finally, the Court concludes that trial in the Eastern District of Michigan would not be so oppressive to Defendants as to require dismissal of this action pursuant to the doctrine of *forum non conveniens*.

Accordingly,

**IT IS ORDERED** that Defendant Honeywell International, Inc.'s motion to dismiss for lack of subject matter jurisdiction is **DENIED**;

**IT IS FURTHER ORDERED** that Honeywell International, Inc.'s motion to dismiss pursuant to the doctrine of *forum non conveniens* is **DENIED**;

**IT IS FURTHER ORDERED** that Honeywell International, Inc.'s motion to dismiss for failure to state a claim is **GRANTED IN PART**. Except for Plaintiffs' copyright infringement claims, their claims against Honeywell International, Inc. are **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6).

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:

Matthew B. Woodworth, Esq.
Jeffrey A. Sadowski, Esq.
Heather M. McCann, Esq.