UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERTIK MAXITROL GMBH & CO. KG,
a German corporation, and MERTIK
MAXITROL INC., a Michigan corporation,

       Plaintiffs,

v.

HONEYWELL TECHNOLOGIES SARL, a
Swiss corporation, HONEYWELL
INTERNATIONAL, INC., a Delaware
corporation, and HONEYWELL B.V., a
Netherlands corporation,

       Defendants.
       _____/

Case No. 10-12257

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_July 7, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Mertik Maxitrol GMBH & Co. KG and Mertik Maxitrol, Inc. ("Plaintiffs") filed this suit to recover damages for the allegedly unauthorized use of copyrights and trade dress in connection with the sale of gas flow control devices. Defendant Honeywell International, Inc. ("Honeywell") filed a motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), and on April 13, 2011, this Court issued an Opinion and Order granting Honeywell's motion in part. Before the Court is Plaintiffs' motion for

reconsideration of that ruling. Also before the Court is Plaintiffs' motion for leave to file a Third Amended Complaint. The Court notified the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court grants Plaintiffs' motion for leave to file a third amended complaint and denies as moot Plaintiffs' motion for reconsideration.

## I. Plaintiffs' Motion for Leave to Amend

### A. Standard of Review

A party may amend its pleading once as a matter of course within 21 days after service of the complaint or a motion under Rule 12(b), (e), or (f), or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with its opponent's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The Court, however, freely gives such leave "when justice so requires." *Id.* The Court has discretion in granting leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Leave should be freely given absent any apparent or declared reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *Id.* "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

**B. Vicarious Liability Claim**

Plaintiffs assert that Honeywell is vicariously liable for its foreign subsidiaries' infringement. The Court dismissed this claim because Plaintiffs failed to plead facts indicating a connection between Honeywell and its subsidiaries' day-to-day production and sourcing decisions. In their motion to amend, Plaintiffs argue that they can now plead facts sufficient to support this claim.

A plaintiff asserting vicarious liability for infringement must show that the defendant had: (1) the right and ability to supervise and control the infringing conduct; and (2) an obvious and direct financial interest in the infringement. *Gordon v. Nextel Commc'ns*, 345 F.3d 922, 925 (6th Cir. 2003). The Eastern District of Michigan has focused on "day-to-day control" in considering whether to impose vicarious liability. *Bennett v. Am. Online, Inc.*, No. 06-13221, 2007 U.S. Dist. LEXIS 54816, at *15-16 (E.D. Mich. July 27, 2007).

Plaintiffs' proposed Third Amended Complaint provides sufficient facts to state a plausible vicarious liability claim. Plaintiffs allege that Patrick Quilty, Honeywell's Vice President and General Manager of Combustion Controls, oversaw and controlled the day-to-day operations of the subsidiaries in Honeywell's Environmental and Combustion Controls Division, including all day-to-day operations relating to the counterfeit product. Proposed Third Am. Compl. ¶¶ 49-50, Dkt. #27-3. Plaintiffs further allege that Quilty visited China several times to identify potential joint ventures for Honeywell. *Id.* ¶ 51. Quilty allegedly met with Chinese manufacturers, provided them with plans for the counterfeit product, and negotiated the contracts for its production. *Id.* ¶¶ 53-55. Quilty was allegedly "directly responsible" for approving the counterfeit product's design. *Id.* ¶

4

56.  If these allegations prove true, it could reasonably be inferred that Honeywell exercised day-to-day control over its foreign subsidiaries' infringing conduct.  It is clear that as a corporate parent, Honeywell has a direct financial interest in its subsidiaries' infringement.  The Court therefore concludes that the proposed Third Amended Complaint states a plausible vicarious liability claim against Honeywell.

**C. Lanham Act Claims**

Plaintiffs assert that Honeywell engaged in unfair competition through the marketing of a nearly identical product designed to confuse purchasers as to its origin, in violation of the Lanham Act.  The Court dismissed these claims because the alleged marketing took place outside the United States, and Plaintiffs failed to plead facts indicating a substantial effect in the United States so as to justify extraterritorial application of the Lanham Act.  In their motion to amend, Plaintiffs argue that they suffered reputational harm in the United States due to foreign sales of the counterfeit product.

In determining whether to apply the Lanham Act extraterritorially, courts consider the substantial effect of the defendant's conduct in the United States, whether the defendant is a United States citizen, and whether there is a conflict with trademark rights under foreign law.  *Liberty Toy Co., Inc. v. Fred Silber Co.*, No. 97-3177, 1998 U.S. App. LEXIS 14866, at *20-21 (6th Cir. June 28, 1998).  The Lanham Act recognizes that harm to a plaintiff's reputation may constitute a substantial effect in the United States.  *Steele v. Bulova Watch Co.*, 344 U.S. 280, 286, 73 S. Ct. 252, 256 (1952) (defendant's "competing goods could well reflect adversely on [the plaintiff's] trade reputation in markets cultivated by advertising here as well as abroad.").

5

Plaintiffs assert that the counterfeit product looks nearly identical to their own, but is inferior in quality. Proposed Third Am. Compl. ¶ 70. They allege that consumers often fail to examine the product until a fire has obscured its true origin. *Id.* ¶ 75. Plaintiffs further allege that Honeywell has falsely represented to third parties that it purchased Plaintiffs, and that Plaintiffs authorized Honeywell's production of the product. *Id.* ¶¶ 59, 72. Plaintiffs allegedly suffered reputational damage in the United States due to the marketing of the counterfeit product. *Id.* ¶¶ 112, 124, 141. If true, these facts could constitute a substantial effect in the United States, justifying extraterritorial application of the Lanham Act. Thus, the proposed Third Amended Complaint states plausible Lanham Act claims against Honeywell.

### D. Prejudice Resulting from Leave to Amend

Honeywell argues that it would be prejudiced by granting leave to amend, as doing so would substantially alter the scope of this case. Because this case was only recently narrowed, Honeywell will not suffer undue prejudice from the reinstatement of certain claims. The Court also does not believe that the new allegations raised in the proposed Third Amended Complaint will require such wide-ranging discovery as to be unduly prejudicial. Honeywell contends that it will suffer prejudice because prolonging this litigation keeps its product "under a cloud," but there is no indication that Plaintiffs' prior failure to adequately plead their claims was a calculated litigation strategy. Thus, granting leave to amend in this case does not encourage the abuse of litigation procedures. Because there is a strong interest in resolving claims on their merits, *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999), and the proposed amendment is not futile, the

Court concludes that leave to amend should be granted.

Honeywell has requested that the Court require Plaintiffs' counsel to file an affidavit detailing the investigation they conducted to satisfy themselves that the allegations contained in paragraphs 53 through 57 of the proposed Third Amended Complaint have evidentiary support or will likely have such support after an opportunity for further investigation. The Court believes that this is unnecessary. An attorney signing a pleading certifies that, to the best of his knowledge, information, and belief, formed after a reasonable inquiry under the circumstances, the factual contentions have evidentiary support or will likely have evidentiary support after further investigation or discovery. Fed. R. Civ. P. 11(b)(3). By signing the proposed Third Amended Complaint, Plaintiffs' counsel has certified that the necessary inquiry has been completed. Thus, the requested affidavit would serve no meaningful purpose. Rule 11 provides Honeywell with an adequate remedy should Plaintiffs' allegations later prove to be unfounded.

## II. Motion for Reconsideration

In their motion for reconsideration, Plaintiffs argue that their vicarious liability and Lanham Act claims should not have been dismissed. The Court has concluded, however, that Plaintiffs should be granted leave to amend their Complaint, as they have shown that they can sufficiently plead these claims. Plaintiffs' motion for reconsideration is therefore moot.

## III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for leave to file the proposed third

7

amended complaint is **GRANTED**;

      **IT IS FURTHER ORDERED** that Plaintiffs' motion for reconsideration is **DENIED AS MOOT**.

                                   s/PATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

Copies to:

Matthew B. Woodworth, Esq.
Jeffrey A. Sadowski, Esq.
Heather M. McCann, Esq.
Michael A. Lindsay, Esq.