UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERTIK MAXITROL GMBH & CO. KG,
a German corporation, and MERTIK
MAXITROL INC., a Michigan corporation,

      Plaintiffs,

v.

HONEYWELL TECHNOLOGIES SARL, a
Swiss corporation, HONEYWELL
INTERNATIONAL, INC., a Delaware
corporation, and HONEYWELL B.V., a
Netherlands corporation,

      Defendants.
_____/

Case No. 10-12257

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 24, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

This matter is before the Court on Honeywell Technologies Sarl ("Honeywell Sarl") and Honeywell B.V.'s motion to set aside the clerk's entries of default, filed on July 5, 2011. Also before the Court is a motion for default judgment as to these same Defendants, filed by Mertik Maxitrol Gmbh & Co. KG and Mertik Maxitrol, Inc. ("Plaintiffs") on July 22, 2011. These motions have been fully briefed, and the Court indicated to the parties on August 23, 2011 that it is dispensing with oral argument pursuant to Eastern District of

Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court grants the motion to set aside the entries of default and denies Plaintiffs' motion for default judgment.

## I. Procedural Background

On June 21, 2010, shortly after filing this action, Plaintiffs filed their First Amended Complaint, naming as defendants Honeywell International, Inc. ("HII"), its Swiss subsidiary, Honeywell Sarl, and its Dutch subsidiary, Honeywell B.V. Plaintiffs served HII the following day and inquired as to whether HII's counsel would accept service on behalf of Honeywell Sarl and Honeywell B.V. HII's counsel declined, and on October 4, 2010, Plaintiffs notified the Court of their intent to serve these Defendants in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Service Convention").

Plaintiffs filed a Second Amended Complaint soon afterward, and on December 13, 2010, HII moved to dismiss the Second Amended Complaint. In that motion, as well as the ensuing reply brief, HII noted that Plaintiffs had yet to serve Honeywell Sarl and Honeywell B.V. HII indicated, however, that even if service were effected upon these Defendants, they would deny personal jurisdiction. The Court subsequently granted the motion in part, dismissing several of Plaintiffs' claims against HII.

Plaintiffs apparently learned on June 15, 2011 that the Dutch and Swiss authorities had effected service on Honeywell B.V. and Honeywell Sarl on November 11, 2010 and December 28, 2010, respectively. Plaintiffs requested entries of default against these Defendants, and the Clerk of the Court entered defaults on June 24, 2011. That same day, HII's counsel entered an appearance on behalf of Honeywell Sarl and Honeywell B.V.

On July 5, 2011, Honeywell Sarl and Honeywell B.V. filed a motion to set aside the entries of default, arguing that they were not properly served in accordance with the Hague Service Convention's requirements. Specifically, Honeywell Sarl claims that the service package was addressed to "1180 Rolle," which is only the city name and postal code for its office, and did not include its street address of "ZA La Pièce 16." Honeywell B.V. notes that the relevant certificate of service indicates that documents were delivered to a person named Halm at its office. Honeywell B.V. claims, however, that Halm is a security guard who is employed by a contractor through the building's manager. Honeywell B.V. asserts that these documents were not delivered to its employees or managers.[1]

While the motion to set aside the entries of default was pending, Plaintiffs moved for a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

## II. Discussion

**A. Motion to Set Aside the Entries of Default**

Federal Rule of Civil Procedure 55(c) provides that the Court may set aside an entry of default for "good cause." In determining whether "good cause" exists, courts consider: (1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). Courts are to employ a "lenient standard" when evaluating a request to set aside a default that has not yet ripened

---

[1] Apparently the building's mail room would not accept these documents from the guard, as they were not addressed to a specific person. It is unclear exactly what Halm may have done with the documents.

3

into a judgment. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). "[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id.* at 194. Federal courts favor trials on the merits, and doubts should be resolved in favor of setting aside the default. *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983).

It does not appear that the conduct of Honeywell Sarl or Honeywell B.V. led to the default, as the record before this Court suggests that neither service package made its way to the intended party through the respective national authorities. Plaintiffs assert that these Defendants effectively chose the method of service by refusing to accept service through HII's counsel, but the Court is unaware of any authority requiring a party to waive the requirement of service simply because the process to be used is inconvenient. The Hague Service Convention defines the steps for effecting service, and neither Defendant can be held responsible for alleged deficiencies in that process. Plaintiffs contend that the certificate of service issued by the appropriate country is prima facie evidence of proper service, but the Court concludes that significant doubt has been raised as to whether Honeywell Sarl and Honeywell B.V. were actually served. In such instances, the Court must resolve doubts in favor of setting aside the default.

The Court also concludes that the Honeywell subsidiaries have asserted a meritorious defense. "[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id.* at 845. Honeywell Sarl and Honeywell B.V. argue that this Court lacks personal jurisdiction over them. Plaintiffs dispute this, but "[l]ikelihood

4

of success is irrelevant in determining whether a defendant has a meritorious defense." *Id.* Defendants also contend that several of Plaintiffs' claims fail as a matter of law for the reasons stated in HII's motion to dismiss. The Court has previously concluded that some of those arguments have merit, as it dismissed several of Plaintiffs' claims against HII. Defendants have therefore stated meritorious defenses that would justify setting aside the entries of default.

Plaintiffs argue that they incurred translation and service costs under the Hague Service Convention, but these costs would have been incurred regardless of whether Defendants responded to the Second Amended Complaint. The Court cannot conclude that Plaintiffs are prejudiced by such expenses.

Having considered each of the three factors of the analysis, the Court concludes that Honeywell Sarl and Honeywell B.V. have established good cause for setting aside the entries of default pursuant to Rule 55(c).

**B. Motion for Default Judgment**

"[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment." *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004). The Court has concluded that the entries of default against Honeywell Sarl and Honeywell B.V. should be set aside, and therefore denies Plaintiffs' motion for default judgment.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Honeywell Technologies Sarl and Honeywell B.V.'s motion

5

to set aside the clerk's entries of default is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for default judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Honeywell Technologies Sarl and Honeywell B.V. are directed to file responsive pleadings within **fourteen (14) days** of the date of this Opinion and Order.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Michael A. Lindsay, Esq.
Matthew B. Woodworth, Esq.
Jeffrey A. Sadowski, Esq.