UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERTIK MAXITROL GMBH & CO.
KG, a German Corporation; and MERTIK
MAXITROL INC., a Michigan
Corporation;

        Plaintiffs,                           Case No. 2:10-cv-12257
                                                             Hon. Patrick J. Duggan

v.

HONEYWELL TECHNOLOGIES SARL,
a  Swiss Corporation; HONEYWELL
INTERNATIONAL INC., a Delaware
Corporation; and  HONEYWELL B.V., a
Netherlands corporation,
        Defendants.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Mertik Maxitrol GMBH & Co. KG, and Mertik Maxitrol, Inc. (collectively, "Plaintiffs") filed this suit in June 2010 to recover damages for the unauthorized use of copyrights and trade dress in connection with the sale of gas flow control devices. Plaintiffs filed an Amended Complaint and a Second Amended Complaint on June 21, 2010 and October 25, 2010, respectively. Defendant Honeywell International, Inc. ("HII") moved to dismiss the Second Amended Complaint, which the Court granted in part. In April 2011, Plaintiffs moved for leave to file a Third Amended Complaint, which the Court granted. The Third Amended Complaint was filed on September 7, 2011. Defendant Honeywell Technologies SARL ("Honeywell SARL") moved to dismiss the Third Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), which HII joined in part, and the Court granted this motion in part

in an Opinion and Order issued on March 6, 2012.[1]  On March 30, 2012, nearly two years after initially filing the instant lawsuit, Plaintiffs moved this Court for leave to file a Fourth Amended Complaint.  Pertinent to the instant motion, Plaintiffs sought to amend Count V of the Third Amended Complaint, which was dismissed by the Court, and to add a Count VI, both of which purportedly alleged trade dress violations pursuant to the Lanham Act.  In an Opinion and Order dated July 24, 2012, the Court denied Plaintiffs' motion to amend.  Plaintiffs filed a motion for reconsideration of this decision pursuant to Eastern District of Michigan Local Rule 7.1(h), and this motion is presently before the Court.[2]

Eastern District of Michigan Local Rule 7.1(h) states the grounds for granting a motion for reconsideration; it provides:

> The movant must [1] not only demonstrate a palpable defect [2] by which the court and the parties have been misled but also [3] show that correcting the defect will cause a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citation omitted).  "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(h)(3).  The purpose of a motion for reconsideration is not "'to give an unhappy litigant one additional chance to sway the judge.'"  *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

---

[1] On this same date, the Court granted Defendant Honeywell B.V.'s motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).  Thus, Honeywell SARL and HII are the only remaining defendants in the present action.

[2] Plaintiffs do not challenge the portion of the July 24, 2012 Opinion and Order denying leave to amend Plaintiffs' false designation of origin claim as futile.

The thrust of Plaintiffs' argument is two-fold: (1) the Court committed a palpable defect in denying leave to amend because Defendants would suffer no prejudice and (2) the Court erred when it determined that Plaintiffs' proposed Fourth Amended Complaint would have been futile with respect to the trade dress infringement claims. The Court addresses each argument in turn, addressing subsidiary arguments as appropriate.

Plaintiffs argue that the Court erred in denying leave to file a Fourth Amended Complaint because "leave to amend a complaint should be granted liberally when the motion is made pretrial[.]" (Pls.' Reconsid. Br. 7 (citing *Russell v. GTE Gov't Systems Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005) (citation omitted)).) As support for this position, Plaintiffs indicate that Defendants' motion to dismiss Plaintiffs' Third Amended Complaint was the first instance in this action in which the nature of the asserted trade dress infringement claims were challenged. (Pls.' Reconsid. Br. 2-3.) The Court disagrees with Plaintiffs' position and is confident with its decision to deny Plaintiffs leave to amend.

Federal district courts possess discretion in permitting leave to amend after the time for amending as a matter of course has expired pursuant to Federal Rule of Civil Procedure 15(a)(1). *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). While leave should be freely given "when justice so requires[,]" Federal Rule of Civil Procedure 15(a)(2), such leave need not be given if certain circumstances are present, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment, *Forman*, 371 U.S. at 182, 83 S. Ct. at 230.

As the Court explained in its July 24, 2012 Opinion and Order, Plaintiffs "have enjoyed several opportunities to state a plausible trade dress infringement claim and have failed to do so." (7/24/2012 Op. & Order 6.) Plaintiffs appear to suggest that no obligation to state legally-

cognizable claims arises until a motion to dismiss those precise claims has been granted by the Court. This is simply not true. While leave to amend should be granted liberally, different considerations come into play when a party has repeatedly amended its complaint and the Court has dismissed particular claims. *Winget v. JPMorgan Chase Bank, NA*, 537 F.3d 565, 573 (6th Cir. 2008) ("Plaintiffs [are] not entitled to an advisory opinion from the district court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies.") (alteration in original) (citation and internal quotation marks omitted); *see also Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) ("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly.") (internal quotation omitted).  That Plaintiffs did not amend the trade dress infringement claims in the First, Second, or Third Amended Complaint does not mean the Court must now permit Plaintiffs to do so in response to the Court's unfavorable decision dismissing the claims on March 6, 2012.  Moreover, and contrary to Plaintiffs' assertion, Plaintiffs did not immediately seek to amend the complaint in response to the aforementioned dismissal. (Pls.' Reconsid. Br. 2.)  Instead of seeking to amend in opposing Defendants' motion to dismiss, Plaintiffs did not seek leave to amend until over three weeks after the Court granted parts of Defendants' motion.  Such dilatory tactics will not be rewarded by this Court.

The Court also disagrees with Plaintiffs' position that Defendants would not be prejudiced by an amendment.  In fact, in its July 24, 2012 Opinion and Order, the Court stated: "The Court believes that allowing Plaintiffs to plead an entirely new set of features as to the trade dress would prejudice Defendants."  (7/24/2012 Op. & Order 6.)  Plaintiffs may not use a motion for reconsideration in effort to sway this Court as to the falsity of this finding,

4

particularly when it has presented nothing amounting to a palpable defect by this Court. The fact that this litigation has not yet proceeded to discovery does not mean that Defendants would not be prejudiced by Plaintiffs' attempts to circumvent the dismissal of the trade dress infringement counts by filing another complaint. Since this litigation began over two years ago, Defendants have voluntarily redesigned one product based on the original allegations and have made decisions about how to proceed with this lawsuit. (Defs.' Resp. Br. 17.)

Plaintiffs also argue that this Court's futility determination was based on a palpable defect. In dismissing the trade dress violation, the Court concluded that the doctrine of functionality precluded Plaintiffs' trade dress infringement claim. (3/6/2012 Op. & Order 11.) In examining Plaintiffs' proposed amendments to the trade dress claim, the Court determined that they would be futile because Plaintiffs had previously described the elements of the product's design in terms of their function. (7/24/2012 Op. & Order 7.) Plaintiffs argue that this constitutes a palpable defect because functionality determinations are factual and thus not properly disposed of at the Rule 12(b)(6) stage. (Pls.' Reconsid. Br. 2-3.) The Court previously rejected this argument and Plaintiffs have not persuaded the Court that the previous rejection was improper or otherwise erroneous. (03/06/2012 Op. & Order 12-13.)

Plaintiffs argue that redefining trade dress violations is common at this early stage in the litigation. (Pls.' Reconsid. Br. 4.) In its prior ruling, however, the Court examined the proposed amendments and Plaintiffs' assertions that they were merely seeking to "clarify" the alleged trade dress. (7/24/2012 Op. & Order 5-6.) The Court disagreed then, as it does now, that Plaintiffs were merely attempting to clarify. The Court notes that Plaintiffs were not trying to "revise" a viable trade dress count in the Fourth Amended Complaint but rather sought to rewrite the count and add another *after* the Court dismissed the original claim for failure to plead

5

sufficient factual material to support the claim. In dismissing the trade dress count contained in the Third Amended Complaint, the Court stated "[e]ach aspect of the design . . . exclusively in terms of its function." (03/06/2012 Op. & Order 11.) The Court then declined to grant leave to amend reasoning that "[i]n what can only be seen as an attempt to circumvent the Court's ruling [dismissing the trade dress infringement claims], the revised pleading describes the alleged trade dress in terms of 'ornamental' aspects of the product's design." (07/24/2012 Op. & Order 6.)

The Court also rejects Plaintiffs' suggestion that the Court's reliance on *Antioch* and *Leatherman* was a palpable defect with respect to the Court's decision to deny Plaintiffs' leave to amend. Plaintiffs do not challenge the correctness of the law cited by this Court but rather claim that the proposed changes satisfied the elements of a trade dress violation claim. However, Plaintiffs' proposed Fourth Amended Complaint merely pleads the elements of the claim and does not provide the requisite factual assertions required by Rule 12(b)(6). Moreover, the Court points out that *even if* Plaintiffs could plead a viable trade dress claim, Plaintiffs had multiple opportunities to do so in any of the four previous complaints filed with this Court. Accordingly, the Plaintiffs cannot show that correcting this alleged defect would result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3).

In sum, the Court finds that Plaintiffs failed to demonstrate any palpable defects which misled the parties or the Court, the correction of which would change the Court's disposition of Plaintiffs' leave to amend to file a Fourth Amended Complaint. Plaintiffs merely repackage arguments they have made before both in opposing Defendants' motion to dismiss and in seeking leave to amend. Plaintiffs have filed four complaints since this litigation began and the Court believes that its decision denying Plaintiffs a fifth bite at the apple was proper.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for reconsideration is **DENIED**.

Dated: January 22, 2013

                                        s/Patrick J. Duggan
                                        United States District Judge

Copies to:
**Matthew B. Woodworth**
**Jeffrey A. Sadowski**
**Michael A. Lindsay**
**Heather M. McCann**